UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA SCHMERZLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-cv-120 (CFD) |
| | : | |
| INTERCONTINENTAL HOTELS GROUP | : | |
| RESOURCES, INC., INTERCONTINENTAL | : | |
| HOTELS GROUP, PLC, INTERCONTINENTAL | : | |
| CARLTON CANNES, REED ELSEVIER, INC., | : | |
| REED EXHIBITIONS, LTD., and REED MIDEM | : | |
| ORGANISATION, UK, | : | |
|     Defendants. | : | |

**RULING ON MOTION TO DISMISS**

The plaintiff, Barbara Schmerzler, brought this action alleging negligence against Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Group, PLC, Intercontinental Carlton Cannes, Reed Elsevier, Inc., Reed Exhibitions, Ltd., and Reed Midem Organisation, UK. Schmerzler's negligence claims arise out of injuries she allegedly suffered from a fall in the hallway of the Intercontinental Carlton Cannes hotel in France. Defendant Reed Elsevier, Inc. ("Elsevier") has filed a motion to dismiss based on *forum non conveniens*. For the reasons that follow, Elsevier's motion is denied.

**I.**    **Factual Background**[1]

Barbara Schmerzler is a citizen of the State of Connecticut, residing in Westport, Connecticut. On March 16, 2010, Schmerzler attended a conference for real estate professionals in Cannes, France. The conference was held at the Intercontinental Carlton Cannes hotel.

---

[1] These facts are taken from the allegations of the plaintiff's complaint. The allegations must be assumed true for the purpose of resolving the motion to dismiss.

-1-

While at the conference in France, Schmerzler was invited to a reception at the Intercontinental Carlton Cannes that was organized, directed, managed, and coordinated by Elsevier and defendants Reed Exhibition, Ltd. and Reed Midem Organisation, UK.[2] Elsevier is a company organized and existing under the laws of Massachusetts with its principal place of business in Massachusetts. Elsevier maintains an office on Main Avenue in Norwalk, Connecticut, as well. Elsevier had allegedly been hired by defendant Intercontinental Hotels Group Resources, Inc. to provide reception-related services.[3]

At approximately 8:00 p.m. on March 16, Schmerzler was walking in the hallway of the Intercontinental Carlton Cannes and fell after tripping over an electrical cable that was extended across the hallway. As a result of this fall, Schmerzler suffered a left distal humerus fracture dislocation. Schmerzler's injuries required her to undergo surgery for a total left elbow replacement.

Schmerzler alleges that a dangerous condition in the hallway—the electrical cable—was caused by the negligence of Intercontinental Hotels Group Resources, Inc. and its agents, servants, and/or employees, including Elsevier. Schmerzler claims Elsevier, along with others, was negligent in extending the electrical cable across the hallway, failing to secure the electrical cable to the floor, failing to adequately warn guests of the situation, failing to inspect the hallway's safety, and failing to maintain a safe premises. Elsevier has filed a motion to dismiss

---

[2] Reed Midem Organisation, UK, is allegedly a subsidiary of Reed Exhibitions, Ltd., which in turn is allegedly a subsidiary of Elsevier. However, Elsevier denies these allegations and claims that it holds no ownership in either company.

[3] Elsevier claims that it had no involvement with the March 16, 2010, reception at the Intercontinental Carlton Cannes.

based on *forum non conveniens*, claiming that this case should be adjudicated in France, not Connecticut.

## II. Discussion

A district court may dismiss an action under the doctrine of *forum non conveniens* when it appears that a foreign forum would be more convenient, fair, or judicially economic. See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 432 (2007). To determine whether *forum non conveniens* dismissal is appropriate, the court must apply a three-step inquiry. See Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005). "First, the court must determine the degree of deference properly accorded the plaintiff's choice of forum." Overseas Media, Inc. v. Skvortsov, 277 F. App'x 92, 96 (2d Cir. 2008) (internal quotations omitted). Second, the court must determine if there is an adequate alternative forum. Id. Third, if an adequate alternative forum exists, then the court must weigh the relative convenience of the forums by evaluating certain private and public interest factors and determine if they weigh in favor of dismissal. Id.

"The *forum non conveniens* determination is committed to the sound discretion of the trial court," Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981), and "[t]he burden of proof to demonstrate that the forum is not convenient is on [the] defendant seeking dismissal." DiRenzo v. Philip Servs. Corp., 232 F.3d 49, 57 (2d Cir. 2000) (citing PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 74 (2d Cir. 1998)).

### A. Plaintiff's Choice of Forum

There is "a strong presumption in favor of the plaintiff's choice of forum." Piper Aircraft, 454 U.S. at 255. Moreover, "a plaintiff's choice of forum is entitled to greater

deference when the plaintiff has chosen the home forum . . . [because] it is reasonable to assume that this choice is convenient." Id. at 255–56 (internal citations omitted). "Indeed it is generally understood that, 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Norex, 416 F.3d at 154 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Despite the strong presumption in favor of a plaintiff's choice of her home forum, the court should still consider the totality of circumstances regarding convenience of the forum. See Iragorri v. United Techs. Corp., 274 F.3d 65, 70–71 (2d Cir. 2001) (vacated on other grounds); see also Norex, 416 F.3d at 154 ("Iragorri instructs courts to consider the totality of circumstances supporting a plaintiff's choice of forum."). In determining the degree of deference a plaintiff's choice of forum should receive, the court may consider the following factors: "[1] the convenience of the plaintiff's residence in relation to the chosen forum, [2] the availability of witnesses or evidence to the forum district, [3] the defendant's amenability to suit in the forum district, [4] the availability of appropriate legal assistance, and [5] other reasons relating to convenience or expense." Id. at 72. "[T]he degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on several relevant considerations." Id. at 71.

Schmerzler filed this case in the District of Connecticut, which, as a resident of Connecticut, is her home forum. Thus, it is unlikely that any other forum could be as convenient to Schmerzler as the District of Connecticut and, accordingly, there is a strong initial presumption to defer to her choice of forum.[4] See Bodner v. Banque Paribas, 114 F. Supp. 2d

---

[4] Connecticut is also presumably a convenient forum for Elsevier, as the company is based in Massachusetts and maintains an office in Norwalk, Connecticut.

117, 131 (E.D.N.Y. 2000) ("As plaintiffs are American citizens and the proposed alternative forum is a foreign jurisdiction, their choice of forum is entitled to significant deference by this Court.").

Despite the strong presumption to defer to Schmerzler's choice of forum, Iragorri instructs the Court to "assess whether there are reasons to doubt the presumption of convenience." See Gross v. British Broadcasting Corp., 386 F.3d 224, 230–31 (2d cir. 2004). Elsevier claims that the Court should afford less deference to Schmerzler's choice of forum because she chose to attend a business conference in France. See BFI Group Divino Corp. v. JSC Russian Aluminum, 298 F. App'x 87, 91 (2d Cir. 2008) (finding that it was appropriate to weigh a company's U.S. citizenship against the fact that the company had chosen to transact business in a foreign country). However, BFI involved a company that chose to invest in Nigeria and transact business there; therefore, the company's corporate citizenship carried less weight in determining the amount of deference for the company's choice of forum. See id. In contrast, Schmerzler is an individual who does not transact other business in France. Rather, Schmerzler was merely attending a conference in France.

Additionally, Schmerzler has identified at least one witness who resides in close proximity to Connecticut (in New York) and Schmerzler's treating doctors, who presumably would testify at trial, reside in New York and Connecticut. While there are likely other witnesses in France, none have been identified and it is not clear that any foreign witnesses are so numerous or important that their lack of geographical proximity to Schmerzler's choice of forum outweighs the convenience and availability of Schmerzler's witnesses. See Bodner, 114 F. Supp. 2d at 131 (denying the defendants' motion to dismiss based on *form non conveniens* where the

defendants had "hope[d] to defeat the presumption in favor of [the American] plaintiffs' choice of forum by emphasizing that the relevant documents and witnesses, other than the named plaintiffs, [were] located in France"). While Elsevier claims that evidence will need to be translated from French to English at significant expense, some documents, including the accident report, have already been translated from French to English. It is also unclear that the expense of translation would be so significant that it would outweigh the expense Schmerzler would incur litigating this case in France. Finally, despite Elsevier's preference to litigate in France, there is no dispute that Elsevier is subject to the District of Connecticut's jurisdiction.

Accordingly, there appear to be no factors substantially weighing against litigating this case in Connecticut and the totality of the circumstances suggest that Schmerzler's choice of her home forum is the most convenient forum. Additionally, there is no indication that Schmerzler's choice of forum was influenced by forum shopping concerns. See Gulf Oil, 330 U.S. at 507 (stating that *forum non conveniens* dismissal may be appropriate where the plaintiff has engaged in forum shopping).

### B. Adequacy of Alternative Forum

Although the Court finds that Schmerzler's choice of her home forum warrants substantial deference, "that [will] not necessarily preclude *forum non conveniens* dismissal." Norex, 416 F.3d at 157. However, "[a] movant must demonstrate the availability of an adequate forum" otherwise the motion must be denied. Id. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 75 (2d Cir. 2003). Here, Elsevier has shown that an adequate forum exists—Elsevier is amenable to service

in France and has demonstrated that France permits negligence-based litigation. Accordingly, France is an adequate alternative forum.

### C. Balancing Private and Public Interests

Finally, the court must weigh the relative convenience of the forums by evaluating certain private and public interest factors and determine if they weigh in favor of dismissal. See Overseas Media, 277 F. App'x at 96.

In weighing the private interests, the Court should consider the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp, 330 U.S. at 508; see also Pollux, 329 F.3d at 75 (listing the private factors). Other than viewing the premises, none of these factors weigh heavily in Elsevier's favor. Schmerzler has demonstrated that many of her witnesses and other evidence are located in the United States. Also, many of the relevant documents that would be used at trial have already been translated from French to English. Although it is likely that there are necessary witnesses who reside in France and other documents may need to be translated, this inconvenience does not overcome the ease of access to sources of proof that are located in the United States. Elsevier has also failed to demonstrate that viewing the premises is necessary or could not be effectively achieved through some other means, such as technology.

In addition to considering the private interests, the Court must also weigh the public interest factors. The U.S. Supreme Court has stated:

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . . There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Gulf Oil Corp, 330 U.S. at 508–09. In this case, the issue of foreign law weighs in Elsevier's favor. "Under Connecticut law, *lex loci delicti*, 'the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury,' typically applies." Abdullahi v. Pfizer, Inc., 562 F.3d 163, 190 (2d Cir. 2009) (quoting O'Connor v. O'Connor, 519 A.2d 13, 15 (Conn. 1986)). Because Schmerzler's injury occurred in France, France's tort law would likely apply to Schmerzler's claims and therefore the Court and jury would be somewhat burdened in applying foreign law. But see Fredriksson v. Sikorsky Aircraft Corp., Inc., No. 3:08CV450, 2009 WL 2952225, at *15 (D. Conn. Sept. 2, 2009) ("However, 'the need to apply foreign law is not in itself a reason to apply the doctrine of *forum non conveniens*,' and courts 'must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform.'" (quoting Manu Int'l, S.A. v. Avon Prods., Inc., 641 F.2d 62, 67–68 (2d Cir. 1981))). However, the residents of the District of Connecticut also have an interest in being able to pursue litigation in their home forum when American companies harm them abroad. Cf. Am. Home Assurance Co. v. Ins. Corp. of Ireland Ltd., 603 F. Supp. 636, 642 (S.D.N.Y. 1984) ("Public policy favors providing a forum in which United States citizens may seek to redress an alleged wrong.").

In sum, Schmerzler's choice of forum, the District of Connecticut, is entitled to great deference as it is her home forum. Further, despite the adequacy of France as an alternative forum, the private interest and public interest factors are mixed and do not weigh sufficiently in Elsevier's favor to tip the balance. Thus, Schmerzler's choice of forum should not be disturbed and the Court denies Elsevier's motion to dismiss based on *forum non conveniens*.

### III. Conclusion

Accordingly, the defendant's motion to dismiss [Dkt. #7] is DENIED.

SO ORDERED this 18th day of August 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**